## COMMONWEALTH vs. PAUL MACDONALD.

No. 98-P-1468.

Plymouth. January 13, 2000. - October 13, 2000.

Present: PORADA, GREENBERG, & RAPOZA, JJ.

Further appellate review granted, 432 Mass. 1111 (2000).

*Practice, Criminal,* Probation, Revocation of probation.

Discussion of the "terms and conditions" of probation as ordered by a judge in a criminal case. [222-224]

Only probationary terms and conditions ordered by a sentencing judge can form the basis for a violation of probation. [224]

Where, before determining that a probationer was in violation of probation, the judge had not determined what conditions of probation were actually imposed, the matter was remanded for such determination. [224-225]

COMPLAINTS received and sworn to in the Wareham Division of the District Court Department, one on July 29, 1994, one on November 7, 1994, one on November 9, 1994, and two on December 27, 1994, respectively.

A motion to dismiss probation surrender proceedings was heard by *Rosemary Minehan, J.*

*Donald K. Freyleue* for the defendant.

*Bridget Norton Middleton,* Assistant District Attorney, for the Commonwealth.

RAPOZA, J. The defendant appeals from a District Court judge's denial of his motion to dismiss a probation surrender proceeding.

1. *Background.* The defendant was initially placed on probation on January 26, 1995. A District Court judge later found him in violation of his probation and, on September 9, 1996, ordered his probation extended, subject to certain additional conditions. The pertinent docket entries state that the defendant was to attend a batterers' program, submit to counseling for drug and alcohol abuse, and "stay away" from one Cynthia

Evans.[1] The defendant then signed new conditions of probation prepared by his probation officer, John Kenny. In addition to the standard conditions of probation pre-printed on the form, there were three special conditions that Kenny wrote in by hand, including a provision that the defendant have "no contact" with Evans.[2]

On December 19, 1997, the defendant, while incarcerated, sent Evans a letter regarding an upcoming care and protection hearing concerning their two minor children. The letter, which Evans considered threatening, prompted Kenny to issue a probation surrender notice alleging that the defendant had violated the "no contact" condition of his probation.[3]

Prior to the probation surrender proceeding, the defendant filed a motion to dismiss based, in part, on the ground that the original sentencing judge had ordered him to "stay away" from Evans but had never directed him to have "no contact" with her. In support of his motion, the defendant cited the docket entries that contained only the "stay away" provision. He further asserted that the "no contact" requirement which Kenny had inserted into the conditions of his probation did not reflect the order of the sentencing judge. Accordingly, he reasoned, only the "stay away" order pertained and he had not violated that condition by sending a letter to Evans.

The only testimony presented at the hearing on the motion to dismiss was that of Kenny, the probation officer. Kenny testified that, when the defendant's probation was extended on September 9, 1996, "he was given [the following] conditions[:] stay away from Cynthia Evans, no contact; attend and complete drug [and] alcohol treatment [as] determined by the probation officer; and, attend and complete the batterers program."[4]

The District Court judge[5] ruled that, although the docket

---

[1]The docket entries contain no reference to any condition that the defendant have "no contact" with Evans.

[2]The conditions of probation make no reference to the "stay away" provision set out in the docket entries. The other two conditions recorded by Kenny correspond to the docket entries.

[3]Not pertinent to this appeal, the surrender notice also alleged that the defendant had violated his probation by threatening to commit a crime. The judge did not find him in violation on this ground.

[4]The record does not contain a transcript of the September 9, 1996, sentencing hearing, nor is there any indication in the record of an attempt to file a statement of the evidence or proceedings pursuant to Mass.R.A.P. 8(c), as amended, 378 Mass. 932 (1979).

[5]The judge who presided over the probation violation hearing was not the

entries did not reflect the "no contact" provision, the signed conditions of probation constituted a contract whose terms were controlling and she denied the motion to dismiss.[6] The judge then found the defendant in violation of his probation, which she revoked, and she sentenced the defendant to a house of correction.

2. *Discussion.* The defendant does not contest that he sent a letter to Evans. Nor does he deny that such a missive would constitute a violation of a "no contact" order. Rather, he contends that his probation was subject only to a "stay away" order which would have permitted contact with Evans by mail.[7] In support of his claim, he cites the docket entries which recite the "stay away" condition but which contain no reference to a "no contact" order.

The Commonwealth contends that, regardless of the contents of the docket, the signed conditions of probation constitute a contract, a breach of which amounts to a violation of probation. Consequently, the Commonwealth expends little effort addressing the issue of what the sentencing judge ordered as conditions of the defendant's probation. As did the motion judge, the Commonwealth treats the signed conditions of probation as a binding promise by the defendant which is independently enforceable, apparently regardless of the probationary terms ordered by the sentencing judge.

According to G. L. c. 276, § 87, "any district court . . . may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and *upon such conditions as it deems proper . . .* in any case after a finding or verdict of guilty" (emphasis added). Similarly, G. L. c. 279, § 1, provides that "[w]hen a person convicted

---

judge who imposed the special conditions on the defendant on September 9, 1996.

[6]Specifically, the judge stated as follows: "[T]he defendant signed conditions of probation, this contract is controlling."

[7]There is a distinct difference between the two terms and they are not interchangeable. A "stay away" order requires a probationer to remain a certain, often specified, physical distance away from the subject of the order. However, the parties involved can make contact, either written or oral, so long as there is no physical proximity between them. A "no contact" order, on the other hand, requires that the probationer also not communicate by speech, writing, or other means with the individual who is named in the order, even if in doing so they remain physically apart. Accordingly, a "no contact" order is broader in scope than a "stay away" order. See *Commonwealth* v. *Butler*, 40 Mass. App. Ct. 906, 907 (1996).

before the court is sentenced to imprisonment, the court may direct that . . . he be placed on probation for such time and *on such terms and conditions as it shall fix*" (emphasis added). Thus, "it is the function of the sentencing judge to set the conditions of probation." *A.L.* v. *Commonwealth*, 402 Mass. 234, 242 (1988). In turn, "[t]he duties of each probation officer are defined and informed by the specific instructions of the sentencing judge" which are to be found in the "judge's conditions of probation." *Ibid.* In supervising a defendant's probation, "the probation officer is required to fulfil his or her obligations pursuant to the policy decisions of the sentencing judge." *Id.* at 246. See G. L. c. 276, § 85. "[P]olicy decisions with respect to a probationer are made by the sentencing judge, who places the convicted defendant on probation and sets the terms of probation." *A.L.* v. *Commonwealth, supra* at 245-246.

Although conditions of probation signed by defendants are often referred to as probation "contracts," see *Commonwealth* v. *Power*, 420 Mass. 410, 413 (1995), cert. denied, 516 U.S. 1042 (1996), the fact remains that such instruments are not premised upon mutuality of agreement or obligation. "By no means . . . are the defendant, on one side, and the judge on the other, equal contracting parties." *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 477, 481, *S.C.*, 429 Mass. 1022 (1999). The signature of the defendant on the conditions of probation does not constitute his assent to a negotiated agreement. *Ibid.* Indeed, a defendant's refusal to sign amounts to a violation of his probation and is grounds for revocation. *Id.* at 482. The enforceability of probation is derived not from the agreement of the defendant, but from the force of the judge's order.[8] Defendants who have violated their probation are subject to sanctions not because they have failed to uphold their end of a bargain made with the sentencing judge, but because they have violated conditions

[8]In those cases where a defendant agrees to offer a plea pursuant to an agreement negotiated with the Commonwealth and accepted by the court, the terms of the plea bargain may take on what we have called the "characteristics of a contract," *Commonwealth* v. *Christian*, 46 Mass. App. Ct. at 481 n.4, in the sense that the judge informs the defendant that he will not impose a sentence that exceeds the agreed recommendation without first giving the defendant the right to withdraw his plea. Mass.R.Crim.P. 12(c), as amended, 399 Mass. 1215 (1987). But even in this context, although the sentence, which may include probation, is imposed pursuant to an understanding between the parties and the court, the resulting sentence is independently enforceable as an order of the court.

ordered by the court. The conditions of probation signed by the defendant in the present case thus had no viability independent of the court order that brought them into existence.[9]

The terms of a defendant's probation as set by the judge are enforceable as an order of the court.[10] A probation officer does not have the discretion to modify or alter the terms of a defendant's probation. See *Buckley* v. *Quincy Div. of the Dist. Ct. Dept.*, 395 Mass. 815, 820 (1985) (where defendant refused to comply with a special condition required by his probation officer but not ordered by the sentencing judge, only a judge of the sentencing court had the authority to modify the conditions of probation). Consequently, the violation of conditions added by a probation officer but not ordered by the sentencing judge does not constitute a violation of a defendant's probation. Even if, through his assent, a defendant voluntarily undertakes to perform such conditions, his later failure to comply with them is not a violation of the court's sentencing order. Only those probationary terms ordered by the sentencing judge can form the basis for a violation of probation.

The Commonwealth has not demonstrated that the original sentencing judge ordered that the defendant have "no contact" with Evans. The record reflects a series of five docket entries on related charges indicating that the defendant was ordered only to "stay away" from Evans. The only other evidence available to resolve the discrepancy is the testimony of the probation officer, which fails to clarify the issue.[11]

The judge below, having decided the motion on other grounds, did not determine what conditions of probation were

---

[9]The Commonwealth's assertion that conditions of probation are contractually enforceable does little to advance its position. The essence of any contract is agreement and, viewed through the lens of contract law, conditions of probation would thus have to reflect the terms accepted by both the judge and the defendant. In the present case, where the docket entries and the written conditions of probation are in conflict, the terms of this supposed "contract" have not been established.

[10]We note that the new conditions of probation form prepared for use in conjunction with the District Court Rules for Probation Violation Proceedings (effective January 3, 2000) is entitled "Probation Order" and contains a box entitled "Judicial Order and Signature" with a line for the judge's signature. Similarly, there is a box captioned "Probationer's Acknowledgment of Order" with lines for the defendant's signature and that of the probation officer as witness.

[11]Although testifying that the defendant "was given conditions stay away from Cynthia Evans, no contact," it is unclear whether Kenny is describing

Commonwealth *v.* MacDonald.

actually imposed by the sentencing judge. As the issue cannot be resolved on the record which is before us, we remand this matter for such a determination.[12]

The order denying the defendant's motion to dismiss probation surrender proceedings is vacated, and the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

the court's order as he understood it or, rather, confirming that he physically gave the defendant written conditions containing those provisions.

[12]The Commonwealth failed to move for the correction of the record so that the docket portrays what it contends was ordered at sentencing. Rule 42 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 919 (1979), provides for the correction of clerical mistakes in court entries arising through oversight or omission. Similarly, Mass.R.A.P. 8(e), as amended, 378 Mass. 932 (1979), states that "[i]f any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court and the record made to conform to the truth."