COMMONWEALTH *vs*. SEAN P. LALLY.

No. 01-P-133.

Norfolk. April 18, 2002. - August 16, 2002.

Present: PORADA, SMITH, & KAFKER, JJ.

*Practice, Criminal,* Probation, Revocation of probation.

A probationer did not violate the conditions of his probation by refusing to
   agree to a new condition of probation that had been imposed by a proba-
   tion officer, rather than a judge. [602-604]

COMPLAINT received and sworn to in the Quincy Division of
the District Court Department on June 16, 2000.

A guilty plea was accepted by *Mark S. Coven,* J., and a
revocation of probation proceeding was heard by him.

*Brian J. Kelly* for the defendant.

*Varsha Kukafka,* Assistant District Attorney, for the
Commonwealth.

SMITH, J. On July 13, 2000, the defendant pleaded guilty in
the Quincy District Court to one count of assault by means of a
dangerous weapon and one count of possession of a class D
substance. On the assault charge, the defendant was sentenced
to one year in the house of correction, suspended for one year.
Additionally, the judge imposed on that charge the following
probation conditions: that the defendant (1) participate in a bat-
terer's program; (2) refrain from further abuse of the victim (his
wife); (3) undergo evaluation for alcohol and drugs; and
(4) submit to "treatment as deemed necessary." On the drug
possession charge, the defendant was placed on probation for
one year. On the same day, the defendant signed the conditions
of probation outlined above.

After the defendant was placed on probation, the sentencing
judge asked a probation officer to arrange for the evaluation of

the defendant, as required by one of the defendant's probation conditions. A psychologist conducted the evaluation. The psychologist concluded that the defendant would not benefit from any more treatment than he was already receiving but recommended that random urine screens for drugs and alcohol be made part of the defendant's probation.

The defendant's probation officer informed the defendant of the results of the evaluation and told him that he would be required to submit to random urine testing. The defendant refused to sign the new condition of probation. The probation officer then had the defendant served with a notice of violation.

On October 3, 2000, a hearing was held before the sentencing judge on the alleged violation of probation charge. After listening to the probation officer, the judge found that the defendant had violated his probation because he had refused to sign the condition ordering him to undergo random urine screens. The judge revoked the defendant's probation and imposed a one-year sentence to the house of correction.[1]

On appeal, the defendant concedes that a refusal to sign conditions of probation constitutes a violation of probation. *Commonwealth* v. *MacDonald*, 50 Mass. App. Ct. 220, 223 (2000), *S.C.*, 435 Mass. 1005 (2001). The defendant claims, however, that the condition that he undergo random urine screening was not part of the original probation conditions that he did sign, but rather a new condition improperly imposed by the probation officer, not by the judge. The defendant also claims that the condition included in his original probation conditions, that he submit to whatever treatment was deemed to be necessary, was unconstitutionally vague.

Under G. L. c. 276, § 87, as appearing in St. 1974, c. 614,

---

[1]After he was sentenced, the defendant filed a motion to stay the sentence pending his appeal. The judge denied the motion.

The defendant has served his sentence and, to that degree, the appeal appears to be moot. However, a probation revocation may have collateral consequences in the future. *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 477, 479-480, *S.C.*, 429 Mass. 1022 (1999). The issue, moreover, has been fully briefed and raises a question of importance that is likely to arise again but may become, as here, unable to be reviewed by an appellate court before becoming moot. *Upton, petitioner*, 387 Mass. 359, 365 (1982). Thus, we believe it is appropriate to reach the issue even though there is no live controversy. *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993).

"any district court . . . may place on probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper . . . in any case after a finding or verdict of guilty." Similarly, G. L. c. 279, § 1, as appearing in St. 1975, c. 347, provides that "[w]hen a person convicted before a court is sentenced to imprisonment, the court may direct that . . . he be placed on probation for such time and on such terms and conditions as it shall fix."

"[I]t is the function of the sentencing judge to set the conditions of probation." *Commonwealth* v. *MacDonald*, 50 Mass. App. Ct. at 223, quoting from *A.L.* v. *Commonwealth*, 402 Mass. 234, 242 (1988). Further, only a judge has the authority to modify or alter the terms of a defendant's probation. See *Buckley* v. *Quincy Div. of the Dist. Ct. Dept.*, 395 Mass. 815, 819-820 (1985). "[A] violation of conditions added by a probation officer but not ordered by the sentencing judge does not constitute a violation of a defendant's probation." *Commonwealth* v. *MacDonald*, 50 Mass. App. Ct. at 224.

The Commonwealth acknowledges that only a judge, not a probation officer, can impose conditions of probation, but argues that the judge, by imposing a condition of probation of "treatment as deemed necessary," had built into that expansive condition the potential for random urine screens. We reject the Commonwealth's argument.

As in criminal statutes, ambiguities in probation conditions are construed in favor of the defendant. See *Commonwealth* v. *Power*, 420 Mass. 410, 421 (1995), cert. denied, 516 U.S. 1042 (1996) ("The constitutional rule against vague laws applies as equally to probation conditions as it does to legislative enactments"). Thus, probationers are entitled to reasonably specific conditions that provide clear guidelines as to what and when their actions or omissions will constitute a violation of their probation. Here, the probation condition ordering "treatment as deemed necessary" is ambiguous, and we do not read, by implication in that condition, the requirement that the defendant undergo random urine screens.

The Commonwealth argues that even if the original probation condition did not encompass random urine screens, the judge,

in effect, modified the "treatment as deemed necessary" order at the probation violation hearing to include random urine screens. That argument is also without merit.

A probation violation hearing is not the time for a judge to add a probation condition improperly imposed by a probation officer and then to find the defendant in violation of that order. To hold otherwise would allow judges in the first instance to delegate their authority to impose probationary conditions to probation officers subject to the approval of a judge. Such delegation by a judge of his or her authority would undermine the principle that it is the function of the judge to set probation conditions, not the probation officer. *Commonwealth* v. *Mac-Donald*, 50 Mass. App. Ct. at 224. Compare *Buckley* v. *Quincy Div. of the Dist. Ct. Dept.*, 395 Mass. at 820.

In sum, judges may order random urine screens as a probation condition, but that condition must come from the judge, not from a probation officer.

We vacate the order revoking the defendant's probation.

*So ordered.*