STATE OF NORTH CAROLINA v. DARIAN JAQUAN HARRIS

No. 472PA06

(Filed 28 June 2007)

**Drugs— positive marijuana metabolite test—evidence of presence in system—not evidence of power and intent to control use—insufficient evidence of possession**

A positive urinalysis for marijuana matabolites is not alone sufficient to prove that defendant knowingly and intentionally possessed marijuana, and the trial court here erred by denying defendant's motion to dismiss a charge of possessing marijuana. Such a test, standing alone, indicates only the presence of metabolites, but leaves the jury to speculate on how the substance entered defendant's system. It does not speak to the requirement that defendant have the power and intent to control the use or disposition of the substance.

Justice HUDSON did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 178 N.C. App. 723, 632 S.E.2d 534 (2006), affirming in part and reversing in part judgments entered on 21 April 2005 by Judge Kenneth F. Crow in Superior Court, Craven County, and remanding for entry of judgment dismissing defendant's conviction for possession of marijuana. Heard in the Supreme Court 15 February 2007.

*Roy Cooper, Attorney General, by Daniel P. O'Brien, Assistant Attorney General, for the State-appellant.*

*Thomas R. Sallenger for defendant-appellee.*

BRADY, Justice.

In this case we determine an issue of first impression: Whether a positive urinalysis for marijuana metabolites alone is substantial evidence sufficient to prove that a defendant knowingly and intentionally possessed marijuana. We hold that this evidence alone is not sufficient, and therefore affirm the decision of the Court of Appeals.

## FACTUAL BACKGROUND

In the early morning hours of 21 August 2004, Renetta Bryant arrived at a friend's residence and observed defendant sitting in a chair in the front room snorting cocaine. Bryant testified that she bought a rock of crack cocaine from defendant and, after smoking it, fell asleep. Bryant further testified that after awakening she returned to the front room where defendant was still located, and that defendant, for no apparent reason, doused her in rubbing alcohol and then used his cigarette lighter to set her ablaze. Bryant was transported by emergency medical services to the local hospital, where she was treated for second and third degree burns.

Three days after the alleged incident, defendant's probation officer, who was supervising defendant's probation for an unrelated incident, obtained a urine sample to determine whether defendant had used controlled substances in violation of his probation. The urine sample was analyzed twice by personnel in the North Carolina Department of Correction Substance Abuse and Intervention Program, and both analyses of the sample confirmed the presence of marijuana and cocaine metabolites in defendant's urine.[1] At trial, Dr. Robert McClelland, who was tendered without objection as an expert in general pharmacology, testified that cocaine is detectable in the body for approximately 24 to 96 hours after ingestion or use, while marijuana remains detectable for a longer period of approximately 40 to 45 days.

## PROCEDURAL BACKGROUND

On 18 April 2005, the Craven County Grand Jury returned true bills of indictment charging defendant with assault with a deadly weapon with intent to kill inflicting serious injury, assault inflicting serious bodily injury, sale and delivery of cocaine, possession of cocaine, possession of marijuana, and of having attained habitual felon status. The indictments specified 21 August 2004 as the offense date. Defendant was arraigned, tendered a plea of not guilty, and was subsequently tried before a jury in Craven County Superior Court at the 19 April 2005 Criminal Session. At the close of the State's evidence and again at the close of all evidence, defendant moved to dismiss the charges as set forth in the indictment due to insufficiency of

---

1. Metabolites are defined as a "product of metabolism." *See* Medline-Plus: Medical Dictionary (service of the U.S. National Library of Medicine and the National Institutes of Health), http://www2.merriam-webster.com/cgi-bin/mwmednlm?book=Medical&va=metabolite (last visited Apr. 11, 2007).

the evidence. The trial court denied these motions. After deliberation, the jury returned guilty verdicts for possession of cocaine and possession of marijuana. As to the remaining charges, the jury returned verdicts of not guilty. Defendant then pleaded guilty to having attained habitual felon status. After finding defendant had a prior record level of V, the trial court sentenced defendant to a term of active imprisonment of 132 to 168 months for felony possession of cocaine as an habitual felon and to a 20 day concurrent term for misdemeanor possession of marijuana.

Defendant appealed to the Court of Appeals, which concluded in a unanimous opinion that there was no error as to the possession of cocaine conviction but that the possession of marijuana conviction must be reversed and remanded. *State v. Harris*, 178 N.C. App. 723, 632 S.E.2d 534 (2006). The Court of Appeals held that "a positive urine test, without more, does not satisfy the intent or the knowledge requirement inherent in our statutory definition of possession." *Id.* at 726-27, 632 S.E.2d at 537-38. On 5 October 2006, this Court allowed the State's petition for discretionary review of the Court of Appeals decision.

## ANALYSIS

In ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of the crime and whether the defendant is the perpetrator of that crime. *State v. McNeil*, 359 N.C. 800, 803, 617 S.E.2d 271, 273 (2005) (citing, *inter alia, State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004), *cert. denied*, 543 U.S. 1156 (2005)). As to whether substantial evidence exists, the question for the trial court is not one of weight, but of the sufficiency of the evidence. *Id.* at 804, 617 S.E.2d at 274 (citing *Garcia*, 358 N.C. at 412-13, 597 S.E.2d at 746). Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion. *Id.* When reviewing claims of sufficiency of the evidence, an appellate court must determine whether any evidence exists which tends to prove all material elements of the offense or reasonably leads to the conclusion of guilt as a fairly logical and legitimate deduction, viewing all the evidence in the light most favorable to the State and resolving all contradictions and discrepancies in the State's favor. *State v. Jones*, 303 N.C. 500, 504-05, 279 S.E.2d 835, 838 (1981).

A case should be submitted to a jury if there is any evidence tending to prove the fact in issue or reasonably leading to the jury's con-

clusion " 'as a fairly logical and legitimate deduction.' " *Id.* at 504, 279 S.E.2d at 838 (quoting *State v. Johnson*, 199 N.C. 429, 431, 154 S.E. 730, 731 (1930)). This evidence must be more than that which merely " 'raises a suspicion or conjecture.' " *Id.* (quoting *State v. Johnson*, 199 N.C. at 431, 154 S.E. at 731); *see also State v. Simmons*, 240 N.C. 780, 785, 83 S.E.2d 904, 908 (1954). To obtain a conviction for possession of a controlled substance, the State bears the burden of proving two elements beyond a reasonable doubt: (1) defendant possessed the substance; and (2) the substance was a controlled substance. *See* N.C.G.S. § 90-95(a) (2005); *State v. Elliott*, 360 N.C. 400, 412, 628 S.E.2d 735, 743-44, *cert. denied*, —— U.S. ——, 27 S. Ct. 505, 166 L. Ed. 2d 378 (2006); *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972).

As there is no question that marijuana is classified as a Schedule VI controlled substance, we turn to the first element of the offense, which is possession. *See* N.C.G.S. § 90-94 (2005). In order to "possess" a controlled substance, a defendant must have the "power and intent to control" the "disposition or use" of the substance. *Harvey*, 281 N.C. at 12, 187 S.E.2d at 714. Here, testimony and evidence presented at trial merely tended to show that Bryant observed defendant snorting cocaine. Bryant offered no testimony indicating that she ever observed defendant in possession of marijuana or that she ever saw marijuana at the residence. The *only* evidence presented at trial pertaining to marijuana was the presence of marijuana metabolites in the urine sample obtained from defendant on 24 August 2004. Standing alone, this evidence does not speak to the aspect of the possession element requiring defendant to have the "power and intent to control [the] disposition or use" of the substance. *Id.* at 12, 187 S.E.2d at 714.

Without more, the presence of marijuana metabolites found in defendant's urine sample only raises a suspicion or conjecture that defendant had the power and intent to control the substance's disposition. From this test result, the jury can know that the metabolites were present, but is left to speculate as to how the substance resulting in those metabolites entered defendant's system. Accordingly, this evidence does not rise to the level of "tending to prove the fact in issue" or "reasonably conduc[ing] to [that] conclusion as a fairly logical and legitimate deduction." *Johnson*, 199 N.C. at 431, 154 S.E. at 731.

The State asserted both in its brief and at oral argument that a positive drug test gives rise to an inference that defendant knowingly

possessed marijuana. However, the only reasonable inference that may be drawn from these test results is that marijuana was somehow introduced into defendant's system. This inference, in itself, is insufficient to permit a jury to find that defendant had the power and intent to control the substance. The State's attempted analogy to constructive possession cases is inapposite because sufficient evidence of constructive possession would still require more than a suspicion or conjecture as raised by the evidence in the case *sub judice*. Additionally, the State attempts to draw an analogy between this case and the use of drug test results in probation revocation hearings. This argument is unpersuasive due to the significant differences between the proof required in a probation revocation hearing and the proof required in an initial criminal trial. Evidence is only sufficient in the context of a criminal trial if, taken in the light most favorable to the State, it "permits a rational jury to find the existence of each element of the charged crime beyond a reasonable doubt." *State v. Warren*, 348 N.C. 80, 102, 499 S.E.2d 431, 443, *cert. denied*, 525 U.S. 915 (1998). However, in a probation revocation, the standard is "that the evidence be such as to reasonably satisfy the [trial court] in the exercise of [its] sound discretion that the defendant has willfully violated a valid condition of probation." *State v. Hewett*, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). Thus, what might be sufficient evidence to *reasonably satisfy* a judge is not necessarily sufficient evidence to allow a rational jury to find defendant committed a crime *beyond a reasonable doubt*.

The State also asserts that the Court of Appeals incorrectly stated the "majority rule" as to whether a positive drug test is sufficient evidence of knowing possession of a controlled substance. The military cases cited by the State in support of this argument are inapposite as they relate only to prosecutions for drug *use*, not drug possession. *See, e.g., United States v. Green*, 55 M.J. 76, 81 (C.A.A.F.) (discussing inferences of *knowing use* of illegal drugs and stating that "[a] urinalysis . . . provides a legally sufficient basis upon which to draw the permissive inference of knowing, wrongful use"), *cert. denied*, 534 U.S. 998 (2001). The Uniform Code of Military Justice treats as separate offenses both wrongful use and wrongful possession of drugs in order to protect the critical mission of the organization and the sensitive nature of the duties for which it is responsible. 10 U.S.C. § 912a (2000); *see United States v. Reichenbach*, 29 M.J. 128, 136-37 (C.M.A. 1989). By contrast, the General Statutes of North Carolina, as well as the United States Code, only provide for the offense of wrongful possession and do not criminalize wrongful use. *See generally* North

Carolina Controlled Substances Act, N.C.G.S. §§ 90-86 to -113.8 (2005); Drug Abuse Prevention and Control, 21 U.S.C. §§ 801-971 (2000). In addition, the United States Court of Appeals cases cited by the State relate to post release supervision, not initial determinations of guilt or innocence. *See, e.g., United States v. Wirth*, 250 F.3d 165, 169-70 (2d Cir. 2001) (per curiam) (post release supervision case). Whatever the "majority rule" on this issue, and however it is calculated, our holding is unaffected.

The State further argues that the Court of Appeals erred in holding that an inference of knowledge and intent from a positive drug test "shifts the burden of proof" to a defendant. We have already determined that the State did not meet its burden of showing the elements necessary for possession, thereby failing to provide sufficient evidence to overcome a motion to dismiss. Accordingly, it is not necessary for us to address this argument.

Finally, it is important to note that an accused cannot be prosecuted for a criminal offense in North Carolina unless the situs of the crime was within the territorial jurisdiction of the State.[2] *See State v. Tickle*, 238 N.C. 206, 208-09, 77 S.E.2d 632, 634 (1953) ("An act to be punishable as a crime in this State must be an act committed here and against this sovereignty."), *cert. denied*, 346 U.S. 938 (1954). As indicated by expert testimony at trial, marijuana can be present in an individual's system for up to 45 days, yet no evidence was presented which established defendant's whereabouts during the 45 days before the urinalysis. Thus, it would be pure speculation to assume that defendant knowingly consumed the marijuana at issue while he was in North Carolina. Moreover, it would be difficult, if not impossible, for defendant to present credible evidence in his defense as to his alleged lack of knowledge of such possession due to the elusiveness of the alleged offense and the time periods involved. Additionally, the duration marijuana metabolites can be present in one's system renders it nearly impossible to pinpoint an offense date with positive urinalysis evidence alone.

Therefore, we conclude that a positive urinalysis indicating the presence of marijuana metabolites alone is not substantial evidence sufficient to prove that defendant knowingly and intentionally possessed marijuana. The trial court erred in denying defend-

2. When jurisdiction in a criminal prosecution is challenged, the State is required to prove beyond a reasonable doubt that the crime with which defendant is charged occurred in North Carolina. *State v. Rick*, 342 N.C. 91, 100-01, 463 S.E.2d 182, 187 (1995).

ant's motion to dismiss. Accordingly, we affirm the decision of the Court of Appeals.

AFFIRMED.

Justice HUDSON did not participate in the consideration or decision of this case.