STATE OF NORTH CAROLINA v. MICHAEL ALLEN FORD

No. COA08-277

(Filed 16 December 2008)

## 1. Robbery— dangerous weapon—firearm—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of robbery with a dangerous weapon based on alleged insufficient evidence of the use of a firearm during the robbery because: (1) our Supreme Court has held that when a person perpetrates a robbery by brandishing an instrument which appears to be a firearm or other dangerous weapon, in the absence of any evidence to the contrary, the law will presume the instrument to be what his conduct represents it to be; (2) the evidence tended to show that two men entered the pertinent store and one was carrying a silver handgun; and (3) no evidence presented demonstrated that a lighter which looked like a handgun found in the coparticipant's yard was used in the robbery, and absent evidence to the contrary, the instrument was presumed to be a firearm or other dangerous weapon.

## 2. Robbery— dangerous weapon—failure to instruct on lesser-included offense of common law robbery

The trial court did not commit plain error in a robbery with a dangerous weapon case by failing to instruct the jury on the lesser-included offense of common law robbery because: (1) the critical distinction between the two crimes is a defendant's use of a dangerous weapon; (2) the evidence presented tended to show two men entered a convenience store, one of the men pointed a silver handgun at the clerk telling her to open the cash registers, and the men left after taking cash and some cigarettes; (3) police found what appeared to be a silver handgun outside a bedroom

window after the search of the residence of the coparticipant even though it turned out to be some type of lighter; and (4) no evidence was presented establishing the lighter found outside the residence was the handgun used in the robbery.

**3. Confessions and Incriminating Statements— motion to suppress statements to detective—failure to file a written motion prior to trial**

The trial court did not err in a robbery with a dangerous weapon case by denying defendant's motion to suppress his statement to a detective because: (1) under N.C.G.S. § 15A-975(a), in superior court, defendant may move to suppress evidence only prior to trial unless defendant did not have reasonable opportunity to make the motion before trial or unless a motion to suppress is allowed during trial under subsection (b) or (c); and (2) the trial court's findings of fact revealed that defendant failed to file a written motion to suppress his statement prior to trial, the State notified defendant more than 20 working days prior to trial of its intention to use evidence of a statement made to the detective, and defendant had a full and reasonable opportunity to make a motion to suppress before trial.

**4. Robbery— dangerous weapon—sufficiency of indictment**

The trial court did not err in a robbery with a dangerous weapon case by denying defendant's motion to dismiss based upon an alleged defective indictment because the indictment alleged all of the essential elements of the offense, and defendant could have moved for a bill of particulars if he needed further information.

**5. Criminal Law— instruction—flight**

The trial court did not err in a robbery with a dangerous weapon case by instructing the jury on defendant's flight because there was sufficient evidence presented such that the jury could consider the evidence with other facts and circumstances in determining whether all of the circumstances amounted to an admission of guilt or reflected a consciousness of guilt.

Judge JACKSON concurring in part and dissenting in part.

Appeal by defendant from judgment entered 5 October 2007 by Judge W. Douglas Albright in Richmond County Superior Court. Heard in the Court of Appeals 10 September 2008.

*Attorney General Roy Cooper, by Assistant Attorney General John A. Payne, for the State.*

*Hartsell & Williams, P.A., by Christy E. Wilhelm, for defendant-appellant.*

BRYANT, Judge.

Defendant Michael A. Ford appeals from a judgment and commitment entered after a jury found him guilty of robbery with a firearm in violation of North Carolina General Statute section 14-87. For the reasons set out below, we affirm.

The evidence presented at trial tended to show that on the evening of 15 March 2006, two men entered the ALCO convenience store on Highway 74 in Rockingham, North Carolina. The men wore hooded sweatshirts tied around their faces and toboggans. One of the men wore a dark blue bandana around his neck. The other pointed a silver gun at a store clerk while both men walked behind the counter to the cash registers. On demand, the clerk opened the registers, and the robber with the gun took the money. The robber with the bandana took Newport cigarettes. The robbers left, and the clerk saw two cars leave the ALCO parking lot. The second car, a clerk described as a new model silver-blue Mustang.

That evening, at approximately 9:45 p.m., off-duty police officer Odom of the Rockingham Police Department was driving past the ALCO in a blue 2006 GT Mustang. He observed two people leaving the ALCO wearing all black with toboggans over their faces and a clerk running to lock the doors behind them. Officer Odom suspected a robbery had taken place and watched as the suspects got into a small burgundy car. The officer then followed the suspects after they exited the ALCO parking lot until they turned onto a dead end street at which time he blocked the road and called for backup. Police dispatch confirmed that an armed robbery had occurred at the ALCO.

Officer Odom later testified that when the suspects left the ALCO parking lot "the vehicle was traveling at a high rate of speed." The speed limit was 45 miles per hour, but the suspects were traveling approximately 75 to 80 miles per hour. The officer lost sight of the suspects when they turned from the road and drove behind a residence.

A short time later, the vehicle emerged from behind the residence, the driver looked at the Mustang, gave a peace sign, and drove

past Officer Odom. Officer Odom observed only one person in the car. On-duty police officers then stopped defendant within sight of the off-duty officer. The arresting officer conducted a search of the stopped vehicle and found $177.00 in the driver's side door, a toboggan and bandanna on the passenger side front seat, and several packs of Newport cigarettes in the back seat. A call was then placed to Detective Mark Baysek.

At trial, Det. Baysek testified that he read defendant his Miranda rights and defendant refused to sign a written waiver of those rights. But, defendant did not request counsel and agreed to answer Det. Baysek's questions.

Over objection, Det. Baysek testified to the content of the conversation.

> Det. Baysek: I asked [defendant] had he been at the 74 west ALCO.
>
> . . .
>
> He told me that he took Jeremy Flowers to that store.
>
> . . .
>
> I asked him if he went in. [Defendant] said he did not go in the store; that only Mr. Flowers went inside the store.
>
> . . .
>
> [Defendant] continued to say that he thought that the Mustang that followed him from the store was a police car.
>
> . . .
>
> I asked him to show me where he dropped Jeremy Flowers out . . . [and] [h]e directed me toward the house where he dropped Jeremy Flowers off. . . . That was located on Short Street.
>
> . . .
>
> I asked [defendant] if he knew there was any money in the car. . . . [Initially, defendant] stated that any money in the car that he was driving belonged to his

**STATE v. FORD**

[194 N.C. App. 468 (2008)]

> mother. He told me he did not know there was money in the car. . . . [Later, defendant] changed his statement to me and said that the money in the door of the car was his.

Det. Baysek relayed this information to Detective Sergeant Robert Heaton to begin canvassing the area for the second suspect. Det. Heaton soon found Jeremy Flowers in a mobile home. The mobile home belonged to a young woman who, upon being informed the officers were investigating the armed robbery of a local convenience store, gave her consent for officers to search the residence for a firearm.

Det. Heaton testified that during his search, he observed a black jacket in the bedroom and upon further inspection found $130.00 in the jacket pocket. Outside the residence, Det. Heaton observed what appeared to be a silver gun laying on the ground. However, the "gun" was not a true firearm but rather some type of lighter.

Defendant was indicted for robbery with a dangerous weapon in violation of N.C. Gen. Stat. § 14-87. After a trial, the jury found defendant guilty of robbery with a firearm. The trial court entered judgment against defendant for robbery with a dangerous weapon and committed him to a term of 77 to 102 months in the custody of the North Carolina Department of Correction. Defendant appeals.

On appeal, defendant raises the following seven issues: whether the trial court erred by (I & VII) denying defendant's motion to dismiss for insufficient evidence; (II) failing to instruct the jury properly on the lesser included offense of common law robbery; (III & IV) denying defendant's motion to suppress his statement to Det. Baysek; (V) denying defendant's motion to dismiss based upon a defective indictment; and (VI) instructing the jury on defendant's flight.

*I & VII*

**[1]** Defendant argues that the trial court erred by denying defendant's motion to dismiss based upon insufficient evidence of the use of a firearm during the robbery. Specifically, defendant argues that evidence presented indicating the gun used during the robbery was not a firearm precluded the jury from finding him guilty of robbery with a dangerous weapon as a matter of law. We disagree.

"[I]n ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of

the crime and whether the defendant is the perpetrator of that crime." *State v. Everette*, 361 N.C. 646, 651, 652 S.E.2d 241, 244 (2007) (citation omitted). "As to whether substantial evidence exists, the question for the trial court is not one of weight, but of the sufficiency of the evidence." *State v. Harris*, 361 N.C. 400, 402, 646 S.E.2d 526, 528 (2007) (citation omitted). "When reviewing claims of sufficiency of the evidence, an appellate court must . . . view[] all the evidence in the light most favorable to the State and resolv[e] all contradictions and discrepancies in the State's favor." *Everette*, 361 N.C. at 651, 652 S.E.2d at 244 (citation omitted). "A case should be submitted to a jury if there is any evidence tending to prove the fact in issue or reasonably leading to the jury's conclusion as a fairly logical and legitimate deduction." *Harris*, at 402-03, 646 S.E.2d at 528 (citation omitted).

Under North Carolina General Statute section 14-87(a),

> Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, . . . where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of [robbery with a firearm or other dangerous weapon].

N.C. Gen. Stat. § 14-87(a) (2007). "Whether an instrument can be considered a dangerous weapon depends upon the nature of the instrument, the manner in which defendant used it or threatened to use it, and in some cases the victim's perception of the instrument and its use." *State v. Peacock*, 313 N.C. 554, 563, 330 S.E.2d 190, 196 (1985) (citations omitted).

In *State v. Thompson*, 297 N.C. 285, 254 S.E.2d 526 (1979), a victim testified that during a robbery of One Hour Valet Cleaners in Raleigh, North Carolina one defendant held a shotgun to her forehead. *Id.* at 288, 254 S.E.2d at 527. On cross-examination, the victim testified that she "did not know whether the shotgun was a real gun, a fake gun, a toy gun or what kind of gun, it was metal and did not look like a toy." *Id.* Our Supreme Court held that

> [w]hen a person perpetrates a robbery by brandishing an instrument which appears to be a firearm, or other dangerous weapon, in the absence of any evidence to the contrary, the law will pre-

sume the instrument to be what his conduct represents it to be—a firearm or other dangerous weapon.

*Id.* at 289, 254 S.E.2d at 528.

Here, the evidence tended to show that two men entered the ALCO on Highway 74 in Richmond County, one of whom carried a silver handgun. The men took money from the cash registers and cigarettes, then left. Later, after police seized defendant and his companion, Jeremy Flowers, police found what appeared to be a silver handgun lying on the ground outside of the residence in which Jeremy Flowers was found. However, Det. Heaton testified that "it was about the size that it was consistent with a small caliber handgun. It was weighted pretty heavy. . . . When I seen it, until I actually picked it up and observed it, it did appear to be a handgun." Defendant offered no evidence.

After the close of the evidence, the trial court instructed the jury on the crime of robbery with a firearm. In describing the elements of robbery with a firearm, the trial court instructed the jury as follows:

[T]he State must prove that the defendant had a firearm in his possession at the time he obtained the property, or that it reasonably appeared to the victim that a firearm was being used, in which case you, the jury, may infer that the said instrument was what the defendant's conduct represented it to be.

Here, no evidence presented demonstrated that the handgun found in the yard was used in the robbery. And, absent evidence to the contrary, "the law will presume the instrument to be what [defendant's] conduct represents it to be—a firearm or other dangerous weapon." *Id.* at 289, 254 S.E.2d at 528. Accordingly, we overrule defendant's assignment of error.

## II

**[2]** Defendant argues that the trial court failed to instruct the jury on the lesser included offense of common law robbery. We disagree.

Initially, we note that defendant failed to object to the instruction proffered by the trial court out of the presence of the jury; therefore, this issue is not properly preserved for our review. *See* N.C. R. App. P. 10(b)(1) (2008) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party

desired the court to make if the specific grounds were not apparent from the context.").

> [However,] [t]he imperative to correct fundamental error . . . may necessitate appellate review of the merits despite the [failure to preserve an issue for appellate review]. For instance, plain error review is available in criminal appeals for challenges to jury instructions and evidentiary issues. Our decisions have recognized plain error only in truly exceptional cases when absent the error the jury probably would have reached a different verdict.

*Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (internal citations and quotations omitted).

"The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The presence of such evidence is the determinative factor." *State v. Williams*, 275 N.C. 77, 88, 165 S.E.2d 481, 488 (1969) (citation and emphasis omitted).

The elements of robbery with a dangerous weapon or firearm were stated under (I). "Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." *State v. Watson*, 283 N.C. 383, 385, 196 S.E.2d 212, 214 (1973) (citation omitted). The critical distinction between the two is a defendant's use of a dangerous weapon. *See State v. Hinton*, 361 N.C. 207, 211-12, 639 S.E.2d 437, 440 (2007) ("Considering the purpose of N.C.G.S. § 14-87 is to provide for more severe punishment when the robbery is committed with the use or threatened use of firearms or other dangerous weapons, we conclude the General Assembly intended to require the State to prove that a defendant used a[] . . . dangerous weapon before conviction under the statute is proper. To hold otherwise would remove the critical distinction between common law robbery and N.C.G.S. § 14-87 . . . .") (internal citation and quotations omitted).

Here, the evidence presented tended to show that two men entered the ALCO convenience store on Highway 74 in Rockingham. One of the men pointed a silver handgun at the clerk and told her to open the cash registers. Upon taking the cash and some cigarettes, the men left. Soon after, police arrested defendant and Jeremy Flowers. In a search of the area around the residence in which

Jeremy Flowers was found, police found what appeared to be a silver handgun outside a bedroom window but was not a true firearm; rather it was some type of lighter.

Despite this, no evidence was presented which established that the handgun found outside the residence in which Jeremy Flowers was found was the handgun used in the robbery. Therefore, we hold the trial court did not err by not instructing the jury on the lesser included offense of common law robbery. Accordingly, defendant's assignment of error is overruled.

### III & IV

[3] Defendant next argues the trial court erred by denying defendant's motion to suppress his statement to Det. Baysek.

"In reviewing a trial judge's ruling on a suppression motion, we determine only whether the trial court's findings of fact are supported by competent evidence, and whether these findings of fact support the court's conclusions of law." *State v. Brewington*, 170 N.C. App. 264, 271, 612 S.E.2d 648, 653 (2005) (citation omitted). "The trial court's findings upon conflicting evidence are accorded great deference upon appellate review . . . . If the findings are supported by competent evidence, they are conclusive on appeal. The conclusions of law which the court draws from those findings are fully reviewable." *State v. Barnard*, 184 N.C. App. 25, 28, 645 S.E.2d 780, 783 (2007) (internal citations omitted).

Under North Carolina General Statutes section 15A-975(a), "[i]n superior court, the defendant may move to suppress evidence only prior to trial unless the defendant did not have reasonable opportunity to make the motion before trial or unless a motion to suppress is allowed during trial under subsection (b) or (c)." N.C. Gen. Stat. § 15A-975(a) (2007).

Here, defendant objected to Det. Baysek's testimony regarding defendant's statements made on the night he was arrested. The trial court removed the jury and allowed defendant's counsel to voir dire Det. Baysek regarding the circumstances and statements of defendant. At the conclusion of the voir dire, defendant made an oral motion to suppress Det. Baysek's testimony. The trial court made the following inquiries of defense counsel:

> The Court: Was there any written motion to suppress filed in ample time, in accordance with Chapter 15A?

> The Defense: No, sir, there wasn't.

The Court: So you're making this as a verbal motion—

The Defense: As a verbal motion.

The Court: —for the first time at trial?

The Defense: Yes, sir.

The Court: Do you contend you didn't have time to make a written motion?

The Defense: No, sir. I will contend I didn't know entirely what Officer Baysek's testimony was going to be before trial.

The Court: Well, were you on notice that they were going to use a statement of your client?

The Defense: Yes, I was, Your Honor.

The Court: When were you notified?

The Defense: I was notified when I received my discovery package, Your Honor. It was in ample time to make a motion.

The Court: Well, I believe you've had time to make this motion.

The Defense: Yes, Your Honor.

Following this, the trial court dictated an order in which it made the following findings of fact:

(1) The defendant filed no written motion to suppress the defendant's statement, or to suppress evidence of the defendant's statement in apt time prior to the trial as required under General Statutes 15A. This fact is undisputed.

(2) The State notified the defendant more than 20 working days prior to trial of its intention to use evidence of a statement made by the defendant to Detective Baysek. This fact is undisputed.

(3) The defendant had a full and reasonable opportunity to make a motion to suppress before trial.

(4) The defendant's objection and motion are not timely made under General Statutes 15A-976. And the defendant's objection and motion to suppress have not met the procedural requirements of General Statutes 15A.

(5) No written motion and required affidavits were filed prior to trial complying with General Statutes 15A-975.

(6) The defendant's objection and motion are procedurally barred.

(7) The defendant's oral motion at trial is not timely or in compliance with General Statutes 15A-975.

(8) The objection and motion to suppress is subject to summary denial.

Based on these findings of fact, the trial court "ordered, adjudged and decreed that the defendant's objection and motion to suppress evidence of the defendant's statement be, and the same are, hereby denied and the objection is overruled."

We hold the trial court's findings of fact were supported by competent evidence and we affirm its conclusion of law. Accordingly, we overrule defendant's assignments of error.

V

[4] Defendant next argues that the trial court erred by denying defendant's motion to dismiss based upon a defective indictment. We disagree.

"Jurisdiction to try an accused for a felony depends upon a valid bill of indictment . . . . An indictment charging a statutory offense must allege all of the essential elements of the offense." *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (internal citations omitted).

> In an indictment for robbery with firearms or other dangerous weapons (G.S. 14-87), the gist of the offense is not the taking of personal property, but a taking or attempted taking by force or putting in fear by the use of firearms or other dangerous weapon. While an indictment for robbery (or attempted robbery) with a dangerous weapon need not allege actual legal ownership of property the indictment must at least name a person who was in charge or in the presence of the property at the time of the robbery, if not the actual, legal owner. If the defendant needs further information, he should move for a bill of particulars.

*State v. Burroughs*, 147 N.C. App. 693, 696, 556 S.E.2d 339, 342 (2001) (internal citations omitted).

Here, the indictment states the following:

The jurors for the State upon their oath present that on or about the date of offense shown and in [Richmond County] the defendant . . . unlawfully, willfully and feloniously did steal, take, and carry away and attempt to steal, take and carry away another's personal property, US Currency and Cigarettes of the value of $350.00 dollars, from the presence, person, place of business, and residence of Alco #11. The defendant committed this act having in possession and with the use and threatened use of firearms and other dangerous weapons, implements, and means, weapon was described by victim as small silver colored semi automatic handgun whereby the life of [Alco #11 store clerk] was endangered and threatened.

We hold that the indictment is not fatally defective, and accordingly, we overrule defendant's assignment of error.

*VI*

**[5]** Defendant last argues that the trial court erred by instructing the jury on defendant's flight.

In North Carolina, "evidence of flight by the accused may be used as some evidence of guilt. Such evidence creates no presumption of guilt, but may be considered with other facts and circumstances in determining whether all the circumstances amount to an admission of guilt or reflect a consciousness of guilt." *State v. Patterson,* 332 N.C. 409, 420, 420 S.E.2d 98, 104 (1992) (internal citations and quotations omitted).

Here, off-duty Police Officer Odom of the Rockingham Police Department was driving past the ALCO at approximately 9:45 p.m. He observed two people leaving the ALCO wearing all black with toboggans over their faces and a clerk running to lock the doors behind them. The officer suspected a robbery had taken place and watched as the suspects got into a small burgundy car. Officer Odom followed the suspects after they exited the ALCO parking lot until they turned onto a dead end street. Officer Odom later testified that when the suspects left the ALCO parking lot "the vehicle was traveling at a high rate of speed"; the speed limit was 45 miles per hour, but the suspects were traveling approximately 75 to 80 miles per hour.

Furthermore, Det. Baysek testified to defendant's statements after defendant was taken into police custody. "[Defendant] continued to say that he thought that the Mustang that followed him from the store was a police car."

We hold there was sufficient evidence presented such that the jury could consider such evidence with other facts and circumstances in determining whether all the circumstances amounted to an admission of guilt or reflected a consciousness of guilt. Accordingly, defendant's assignment of error is overruled.

Affirmed.

Judge ARROWOOD concurs.

Judge JACKSON concurs in part and dissents in part by separate opinion.

JACKSON, Judge, concurring in part, dissenting in part.

Although I concur with the majority opinion in nearly all respects, I respectfully dissent from Part II in which the majority holds that the trial court did not err in failing to instruct the jury on common law robbery. Because the issue was not preserved for our review, I would vote to dismiss it.

Pursuant to the North Carolina Rules of Appellate Procedure, "[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto . . . ." N.C. R. App. P. 10(b)(2) (2007). The majority concedes that defendant failed to object in order to preserve the matter for our review.

Although Rule 10 permits a criminal defendant to assign error to jury instructions despite having failed to object, the Rules require the defendant to "specifically and distinctly" contend that the jury instructions amount to plain error. N.C. R. App. P. 10(c)(4) (2007). Further, even when criminal defendants assign plain error, an "empty assertion of plain error, without supporting argument or analysis of prejudicial impact, does not meet the spirit or intent of the plain error rule." *State v. Cummings*, 352 N.C. 600, 637, 536 S.E.2d 36, 61 (2000), *cert. denied*, 532 U.S. 997, 149 L. Ed. 2d 641 (2001).

Here, defendant failed to object to the jury instructions, failed to "specifically and distinctly" contend plain error in his assignments of error, and failed to argue prejudicial impact in his brief. Therefore, he has waived plain error review and I would dismiss this assignment of error.