An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

M.W.,
Appellant,
vs.
THE STATE OF NEVADA, C/O
CATHERINE CORTEZ MASTO,
ATTORNEY GENERAL; AND THE
STATE OF NEVADA DEPARTMENT
OF PUBLIC SAFETY,
Respondents.

No. 64807

FILED

DEC 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dissolving a preliminary injunction in a declaratory relief action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

This case arises from appellant M.W.'s allegations that, as applied to him, Assembly Bill (A.B.) 579 violates the Nevada Constitution's Separation of Powers Doctrine, Contracts Clause, Double Jeopardy Clause, Ex Post Facto Clause, Due Process Clause, and Equal Protection Clause. As we have stated before, the Nevada Legislature adopted A.B. 579 to comply with 42 U.S.C. §§ 16901-16962 (2006), or the Sex Offender Registration and Notification Act (SORNA), in order to preserve federal funding. *State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev., Adv. Op. 52, 306 P.3d 369, 382 (2013). Among other things, A.B. 579 reclassifies sex offenders into one of three tiers based on the crimes they committed, with each tier subjecting an assigned offender to distinct and mandatory reporting requirements and registration periods. *See Logan D.*, 129 Nev., Adv. Op. 52, 306 P.3d at 374-75.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-39439

In 1996, appellant was convicted of criminal attempt incest in Colorado. As a result, he was required to register as a sex offender. In 2004, appellant moved to Nevada and registered as a Tier-1 offender pursuant to NRS Chapter 179D. Approximately four years later, appellant received a letter from the Department of Public Safety advising him that he would be reclassified as a Tier-3 offender under A.B. 579.

Appellant subsequently filed a complaint in the Eighth Judicial District Court of Nevada to challenge the constitutionality of A.B. 579. In addition, appellant filed an ex parte application for a temporary restraining order and preliminary injunction of the enforcement of A.B. 579, which the state district court granted for appellant and other similarly situated parties until the matter was fully briefed. Before the state district court made a decision on the merits, the United States District Court for the District of Nevada permanently enjoined enforcement of A.B. 579. *See ACLU of Nev. v. Masto*, 719 F. Supp. 2d 1258, 1260 (D. Nev. 2008) (*Masto I*). The stay in the state district court proceedings was then extended, pending resolution of the federal case. Several years later, the United States Court of Appeals for the Ninth Circuit reversed the federal district court's decision on A.B. 579, *see ACLU of Nev. v. Masto*, 670 F.3d 1046, 1067 (9th Cir. 2012) (*Masto II*), and this court upheld the constitutionality of A.B. 579 in a challenge raised by a juvenile sex offender, *see Logan D.*, 129 Nev., Adv. Op. 52, 306 P.3d at 389-90.

In light of *Masto II* and *Logan D.*, respondents filed a motion to dissolve the preliminary injunction, which the state district court granted. Appellant then appealed. This court reviews a district court's decision regarding the dissolution of a preliminary injunction for an abuse

SUPREME COURT
OF
NEVADA

(O) 1947A

2

of discretion. *See Finkel v. Cashman Prof'l, Inc.*, 128 Nev. 68, 72, 270 P.3d 1259, 1262 (2012). Accordingly, we will reverse such a decision if the district court abused its discretion or if the decision is based on an incorrect legal standard or clearly erroneous finding of fact. *Boulder Oaks Cmty. Ass'n v. B & J Andrews Enters., LLC*, 125 Nev. 397, 403, 215 P.3d 27, 31 (2009). Questions of law within this context, however, are reviewed de novo. *Id.*

"A preliminary injunction is available when the moving party can demonstrate that the nonmoving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory relief is inadequate and that the moving party has a reasonable likelihood of success on the merits." *Id.* We conclude that appellant's arguments lack merit in light of *Logan D.* and *Masto II.* Further, the record below is not sufficiently developed to sustain appellant's claims, specifically his arguments under the Contracts Clause.[1] Appellant did not meet his burden of clearly demonstrating that A.B. 579 is unconstitutional as applied to him at this time, and thus, he could not show a reasonable likelihood of success on the merits to maintain his preliminary injunction.

---

[1]Although appellant generally discusses plea bargains in the analysis of his Contracts Clause claim, he does not specify the terms and conditions of his plea agreement. Instead, appellant classifies his conditions of probation with the state of Colorado as a contract. However, these conditions do not constitute an enforceable contract. *See Commonwealth v. MacDonald*, 736 N.E.2d 444, 447-48 (Mass. App. Ct. 2000); *Yates v. State*, 792 P.2d 187, 189 (Wyo. 1990). Further, the record is silent as to the circumstances of appellant's move from Colorado to Nevada. It is unknown whether he entered into an interstate compact or another agreement that may pertain to his Contracts Clause claim. Therefore, appellant's claim fails at this time.

 

As a result, we conclude that the district court did not abuse its discretion by dissolving the injunction. Accordingly, we

ORDER the order of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

 

cc: Hon. Rob Bare, District Judge
McLetchie Shell LLC
Robert L. Langford & Associates
Attorney General/Transportation Division/Las Vegas
Eighth District Court Clerk

