SUPERIOR COURT 
 
 COMMONWEALTH v. DAVID FRAIZE

 
 Docket:
 1481CR00537
 
 
 Dates:
 October 18, 2018
 
 
 Present:
 Kenneth W. Salinger, Justice of the Superior Court
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 MEMORANDUM, FINDINGS, AND ORDER THAT DEFENDANT'S POSITIVE TEST
FOR MARIJUANA DID NOT VIOLATE HIS CONDITIONS OF PROBATION
 
 

 David Fraize tested positive for marijuana use while on probation. The Court finds that this does not establish by a preponderance of the evidence that Mr. Fraize violated the probation conditions that he not consume illegal drugs and that he obey all state and federal laws while on probation. [1] Although the Court finds that Fraize has failed to pay the required probation supervision fee, it agrees with the Probation Department's recommendation that all past and future supervision fees be waived because Fraize is physically unable to work or to perform community service and does not have the financial ability to pay those fees. 1. Background. Mr. Fraize began a three-year term of probation when he was released from the house of correction on September 14, 2016. He served committed time for possessing a Class B controlled substance in a school zone. He is on probation on two indictments for distributing a Class B drug and one for simple possession of a Class B drug. Fraize is now thirty-four years old. Fraize's conditions of probation include that he not consume any illegal drugs or alcohol, submit to random testing to ensure compliance with that condition, and obey all local, state, and federal laws and all court orders. The Court infers and therefore finds that Fraize was never expressly ordered not to use marijuana as a condition of his probation, and was never told by the sentencing judge that use or consumption of marijuana would violate his conditions of probation. No such condition or admonition appears in the Order of Probation Conditions signed by the sentencing judge and Fraize. Nor is any such condition noted on the case docket.   ---------------------------   [1] "The Commonwealth must prove a violation of probation by a preponderance of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 520 (2014).   -1-   Fraize is also required as a condition of probation to pay a monthly probation supervision fee starting three months after his probationary term began. Mr. Fraize has stipulated that he tested positive for having traces of marijuana in his body on June 22 and October 5, 2018. He has also stipulated that he has not paid any probation supervision fee since March 2018. 2. Positive Tests for Marijuana. Though Mr. Fraize twice tested positive for having marijuana metabolites in his body, and the Court therefore infers and thus finds that he had used marijuana or consumed something containing a marijuana extract, that does not establish that Fraize violated the conditions that he refrain from consuming illegal drugs and that he obey all state and federal laws. Fraize did not violate Massachusetts law by using marijuana. It is now completely legal under Massachusetts law for people who are at least twenty-one years old to use and possess small quantities of marijuana. See G.L. c. 94G, § 7(a)(1). By law "a person 21 years of age or older shall not be arrested, prosecuted, penalized, sanctioned or disqualified under the laws of the commonwealth in any manner, or denied any right or privilege and shall not be subject to seizure or forfeiture of assets for ... possession, using, purchasing, processing or manufacturing 1 ounce or less of marijuana[.]" Id. This statute was approved by the voters on November 8, 2016, and took effect December 15, 2016, well before Fraize tested positive for marijuana. See St. 2016, § 334, § 12. Mere use or consumption of marijuana does not violate federal law either, absent some additional evidence supporting a reasonable inference that the marijuana user also had legal possession of the drug. Under Federal law, it is still a misdemeanor to possess even a small amount of marijuana. See 21 U.S.C. § 844(a) (possession of controlled substance may be punished by imprisonment of up to one year); 21 U.S.C. § 812, Schedule I, para. (c)(10) (marijuana is a Schedule I controlled substance). But federal law only criminalizes the possession of marijuana and other federally controlled substances, not the use of the same drugs. See State v. Harris, 646 S.E.2d 526, 529 (N.C. 2007). Although a positive drug test may suggest that a person has ingested a controlled substance it is generally not enough, standing alone, to establish that they   -2-   violated the law by having possession of such a substance. See Commonwealth v. Pellegrini, 414 Mass. 402, 407 n.7 (1993) (discussing but not deciding the issue). "The majority rule in other jurisdictions seems to be that, absent other evidence, the mere presence of a controlled substance in a person's own body will not constitute possession within the meaning of criminal statutes." Id. (collecting cases); accord, e.g., Harris, supra, at 528-529 (mere presence of marijuana metabolites in urine does not establish that person had power and intent to control substance before ingesting it, and therefore does not establish possession); State v. Griffin, 584 N.W.2d 127, 131 (Wisc. Ct. App. 1998) (same). Although marijuana possession remains illegal under federal law, the probation condition against consuming any "illegal drug" did not give Fraize fair notice that he would violate that condition if he were to use or consume marijuana. As noted, marijuana use is now completely legal under Massachusetts law and does not constitute a federal crime. In addition, the Massachusetts Cannabis Control Commission is in the process of licensing marijuana cultivators, marijuana product manufacturers, marijuana testing facility, and retail marijuana stores pursuant to G.L. c. 94G, § 4. The Court takes judicial notice of the fact that in the very near future anyone who is at least 21 years old will be able to go into a licensed retail marijuana store, purchase marijuana or products containing either an extract of marijuana or marijuana itself, and consume or use the product, all without violating Massachusetts law. Under these circumstances, a probationer ordered not to consume "illegal drugs" may reasonably not understand that condition to bar marijuana use. A probationer has a constitutional due process right, under both the United States Constitution and the Massachusetts Declaration of Rights, to "receive fair warning of conduct that may result in the revocation of probation." Commonwealth v. Ruiz, 453 Mass. 474, 479 (2009). Probationers are entitled to "unambiguous guidance about the conduct prohibited." Ruiz, supra. These due process requirements apply whether a condition of probation "proscribes criminal or noncriminal conduct." Commonwealth v. Bunting, 458 Mass. 569, 573 (2010).   -3-   As a result, "[a]ny ambiguities in probation conditions must be construed in favor of the defendant." Common wealthy. Al Saud, 459 Mass. 221, 232 (2011); accord, e.g., Commonwealth v. Lally, 55 Mass. App. Ct. 601, 603 (2002) (probation condition to submit to drug treatment "as deemed necessary," construed in favor of defendant, did not by implication require defendant to submit to random urine screens). The conditions of probation imposed upon Mr. Fraize did not unambiguously inform him that use or consumption of marijuana would violate the terms of his probation. The Court therefore finds that Fraize did not violate those conditions merely by testing positive for the presence of marijuana in his body. 3. Failure to Pay Probation Supervision Fee. The Court accepts the Probation Department's representation that Mr. Fraize has been physically unable to work since March 2018, that as a result Fraize has been unable to pay his probation supervision fee since that time, and that it is unlikely he will be able to work or able to perform community service over the next eleven months. As requested by the Probation Department, the Court will resolve this aspect of the probation violation by waiving all overdue probation supervision fees, waiving any future requirement to pay such fees, and not imposing any community service requirement.   ORDER   The Court finds that Defendant consumed marijuana while on probation, but that doing so did not violate the conditions of his probation. It further finds Defendant violated his probation conditions by not paying his monthly probation supervision fee. Since Defendant is unable to work and has no ability to pay such fees or to perform community service instead, the Court waives all overdue probation supervision fees and terminates the condition that Defendant pay such fees going forward.   Kenneth W. Salinger, Justice of the Superior Court October 18, 2018   -4-