STATE OF NORTH CAROLINA v. TOMMIE PARKS

No. COA00-1394

(Filed 4 December 2001)

**1. Crimes, Other; Sexual Offenses— submitting information under false pretenses to the sex offender registry—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss a charge of submitting information under false pretenses to the sex offender registry where there was evidence that defendant knowingly and intentionally gave an address he knew

to be false when he registered the address in Cabarrus County where he had lived with his wife, who was seeking a divorce; he resided in Mecklenburg County with his sister; his personal belongings were at the Mecklenburg County address; when challenged by his wife about registering a false address, defendant replied, "Well, they don't know that"; defendant did not have a key to his wife's house and forcibly entered; and, when arrested for breaking and entering, defendant listed his sister's house as his address.

**2. Appeal and Error— preservation of issues—failure to object—plain error not asserted**

Defendant waived his right to appellate review of the instructions given by the trial court where defendant did not object at trial and did not assert plain error in an assignment of error.

**3. Evidence— fingerprint evidence—foundation**

The trial court did not abuse its discretion in a prosecution for submitting information under false pretenses to the sex offender registry by allowing a detective's testimony concerning fingerprint analysis. Fingerprinting is an established and scientifically reliable method of identification and the witness was recognized as an expert; moreover, this fingerprint identification served only to buttress testimony that a detective had compared the names and aliases used by defendant, his date of birth, tattoos, and social security number to determine that defendant was the person convicted of the registered offense.

**4. Appeal and Error— preservation of issues—constitutionality of act—not brought before trial court**

An argument concerning the constitutionality of the N.C. Sex Offender and Public Protection Registration Program was not brought before the trial court and was not addressed on appeal.

Appeal by defendant from judgment entered 22 March 2000 by Judge Kimberly S. Taylor in Cabarrus County Superior Court. Heard in the Court of Appeals 17 October 2001.

*Attorney General Roy Cooper, by Assistant Attorney General John J. Aldridge, III, for the State.*

*William D. Arrowood for defendant appellant.*

**STATE v. PARKS**

[147 N.C. App. 485 (2001)]

TIMMONS-GOODSON, Judge.

On 22 March 2000, a jury found Tommie Parks ("defendant") guilty of submitting information under false pretenses to the North Carolina Sex Offender and Public Protection Registration Program. The trial court subsequently sentenced defendant to a minimum term of twenty-seven (27) months' and a maximum term of thirty-three (33) months' imprisonment. On 29 June 2000, this Court allowed defendant's petition for writ of *certiorari* in order to review defendant's trial and resulting judgment.

The evidence before the trial court tended to show the following: On 25 January 1991, defendant pled guilty to two counts of attempted first-degree sexual offense and two counts of taking indecent liberties with children and was sentenced to a term of eighteen years' imprisonment. On 1 January 1996, the North Carolina Sex Offender and Public Protection Registration Program ("the Registration Program") went into effect. *See* 1995 N.C. Sess. Laws ch. 545, § 3. The Registration Program requires, *inter alia*, persons convicted of certain sexual offenses and offenses against minors "to maintain registration with the sheriff of the county where the person resides." N.C. Gen. Stat. § 14-208.7(a) (1999). Reportable convictions under the Registration Program include first-degree sexual offenses and taking indecent liberties with children. *See* N.C. Gen. Stat. § 14-208.6(4)-(5) (1999). Accordingly, when the Department of Correction released defendant on parole in 1997, he registered as a sexual offender with the Sheriff's Department in Cabarrus County. At that time, defendant registered his address as 2611 Heidelberg Drive, Concord, North Carolina. Defendant resided at the Concord address with his wife, Kay Parks ("Parks"), from his initial release in 1997 until 23 August 1998, at which time defendant was arrested and imprisoned for violating his parole. He subsequently served a fifteen-month sentence.

While defendant was in prison, Parks informed him by letter that she was obtaining a divorce, and that her home in Concord would no longer be his residence. Parks then installed new locks on the doors to her house and transported defendant's personal property to his sister's home in Mecklenburg County, North Carolina. Parks did not visit defendant while he was incarcerated. Upon his release from prison on 30 October 1999, defendant returned to the Cabarrus County Sheriff's Department to update his address on the sexual offender registry. Although defendant was living at his sister's home in Mecklenburg County at the time, defendant registered his address as 2611 Heidelberg Drive, Concord, North Carolina.

Shortly thereafter, defendant contacted Parks by telephone. During one of their phone conversations, defendant informed Parks that he had registered in Cabarrus County. Parks stated, "But don't you mean Mecklenburg County . . . you don't live in Cabarrus County." Defendant responded, "Well, they don't know that." On 9 November 1999, defendant went to 2311 Heidelberg Drive in order to visit Parks, but she locked the front door and refused to allow defendant to enter her home. Defendant then kicked the door open, and Parks called for 911 emergency assistance. Responding law enforcement officers soon arrived and arrested defendant. When questioned about the incident, defendant explained that, "I and my wife haven't been together because I pulled time. I went to her house . . . and when she saw me, she said, 'Oh God, what do you want?' [and] . . . 'Go away,' and I pushed the door open." While in custody, defendant gave his address as that of his sister's home in Mecklenburg County.

From his conviction for submitting information under false pretenses to the sex offender registry and resulting sentence, defendant now appeals.

---

Defendant contends the trial court erred by (1) denying defendant's motion to dismiss; (2) failing to properly instruct the jury; and (3) allowing an expert witness to testify as to identification of fingerprints. Defendant also argues that North Carolina's Sex Offender and Public Protection Registration Program is unconstitutional. For the reasons stated herein, we find no merit to defendant's arguments and no error by the trial court.

[1] Defendant argues the trial court erred in denying his motion to dismiss. Defendant contends there was no evidence of any intent to deceive on his part when he registered his address as 2311 Heidelberg Drive. We disagree.

Upon a defendant's motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, allowing every reasonable inference to be drawn therefrom. *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). A motion to dismiss is proper when the State fails to present substantial evidence of each element of the crime charged. *State v. McDowell*, 329 N.C. 363, 389, 407 S.E.2d 200, 214 (1991). Substantial evidence is evidence that is "existing and real, not just seeming or imaginary." *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

Defendant in the instant case was charged with submitting information under false pretenses to the Registration Program. Under section 14-208.11(a) of the North Carolina General Statutes, a person is guilty of submitting information under false pretenses if the person (1) stands convicted of a sexual offense requiring him to register as a sexual offender and (2) submits information under false pretenses to the sexual offender registry. *See* N.C. Gen. Stat. § 14-208.11(a)(4) (1999). False pretense occurs when one makes an untrue representation to another that is calculated and intended to deceive. *See, e.g., State v. Murphy*, 280 N.C. 1, 5-7, 184 S.E.2d 845, 847-48 (1971). "Intent is a mental attitude which seldom can be proved by direct evidence, but must ordinarily be proved by circumstances from which it can be inferred." *State v. Kendrick*, 9 N.C. App. 688, 691, 177 S.E.2d 345, 347 (1970).

In the light most favorable to the State, there was adequate evidence in the record from which a reasonable jury could conclude that defendant knowingly and intentionally gave an address he knew to be false when he registered his address as 2311 Heidelberg Drive with the sexual offender registry at the Cabarrus County Sheriff's Department. Parks testified that she informed defendant that she was pursuing a divorce, and that he would have to find another place at which to live. After his release from prison on 30 October 1999, defendant resided in Mecklenburg County with his sister, at whose home defendant's personal belongings were located. When Parks specifically challenged defendant's actions in registering an address at which he did not reside, defendant replied, "Well, they don't know that." Defendant forcibly entered Park's residence, as he did not have a key to her home. Upon his arrest for breaking and entering, defendant gave his address as that of his sister's and acknowledged that the house at 2311 Heidelberg Drive was his wife's residence. Based on the above-stated facts, the trial court did not err in denying defendant's motion to dismiss. We therefore overrule defendant's first assignment of error.

[2] By his second assignment of error, defendant argues the trial court erred by inadequately instructing the jury on the offense of submitting false information to the sexual offender registry. When defendant's case was at trial, the pattern jury instructions for a violation of section 14-208.11 of the North Carolina General Statutes did not exist. The trial court therefore asked the State and defendant for suggestions on appropriate jury instructions. Defendant submitted no proposals, nor did he object to the instructions as given to the jury.

Failure to properly object subjects an alleged error to review only on the grounds of plain error. *See* N.C.R. App. P. 10(c)(4) (2001); *State v. Fennell*, 307 N.C. 258, 263, 297 S.E.2d 393, 396-97 (1982). Moreover, if a defendant fails to assert plain error in an assignment of error or fails to specifically and distinctly argue in his brief that the trial court's instructions amounted to plain error, this Court will not conduct plain error review. *State v. Nobles*, 350 N.C. 483, 514-15, 515 S.E.2d 885, 904 (1999); *State v. Truesdale*, 340 N.C. 229, 232-33, 456 S.E.2d 299, 301 (1995). Defendant did not assign plain error to the trial court's instructions, nor did he argue such in his brief to this Court. Thus, defendant has waived his right to appellate review regarding the instructions given by the trial court. We therefore do not address defendant's second assignment of error.

**[3]** By his third assignment of error, defendant argues the trial court erred in permitting expert testimony by Detective Ron Beaver concerning a fingerprint analysis Detective Beaver conducted in connection with defendant's case. Defendant asserts that, because there was no proper foundation for the admission of Detective Beaver's testimony, such evidence was inadmissible. During the course of trial, defendant raised the issue as to whether he was the same person as the "Tommie Everette Parks" shown on the Judgment and Commitment in the 15 January 1991 conviction and the same as the "Tommie Edward Parks" whose name appeared on the 9 November 1999 arrest report. As a result, Detective Beaver was called to the stand and permitted to testify as an expert on fingerprint identification. Detective Beaver testified that defendant's fingerprints taken in 1999 were identical to the fingerprints of the "Tommie Parks" convicted in 1991 for sexual offense charges. Defendant now argues that the State presented no evidence concerning the reliability of the method Detective Beaver used to compare the fingerprints, and that the trial court took no judicial notice of the reliability of such testing. As such, defendant argues the State did not establish a proper foundation for the testimony given by Detective Beavers. We disagree.

Our Supreme Court in *State v. Rogers*, 233 N.C. 390, 398, 64 S.E.2d 572, 578 (1951), recognized that fingerprinting is an established and scientifically reliable method of identification. The trial court recognized Detective Beavers as an expert in such identification, and we discern no abuse of discretion by the court in qualifying him as such. *See State v. Bullard*, 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984) (noting that the trial judge is afforded wide latitude of discretion in admitting expert testimony). Moreover, Detective Beaver's testimony

concerning the fingerprint identification only served to buttress his confirmation that defendant was the same person in both the 1991 and 1999 arrests. Specifically, Detective Beavers testified that he compared the names and aliases used by defendant, his date of birth, tatoos, and his social security number to determine that defendant was the same individual convicted in 1991 of the registered offenses. We therefore overrule defendant's third assignment of error.

[4] Finally, defendant argues that North Carolina's Sex Offender and Public Protection Registration Program violates the *ex post facto* provisions of the United States and North Carolina Constitutions. Defendant did not raise this argument before the trial court, however, and therefore this issue is not properly before this Court. *See* N.C.R. App. P. 10(b)(1) (2001); *State v. Benson,* 323 N.C. 318, 321-22, 372 S.E.2d 517, 518-19 (1988). Accordingly, we do not address defendant's final assignment of error.

In summary, we hold defendant received a fair trial, free from prejudicial error.

No error.

Judges McGEE and JOHN concur.