STATE v. KELLY

[221 N.C. App. 643 (2012)]

———————————————

STATE OF NORTH CAROLINA v. ERICA DENISE KELLY

No. COA12-49

(Filed 17 July 2012)

1. **Homicide—first-degree murder—defendant perpetrator— sufficient evidence – motion to dismiss properly denied**

    The trial court did not err in a first-degree murder case by denying defendant's motion to dismiss the charges at the close of all the evidence where the State produced sufficient evidence through defendant's confession and other evidence that defendant was the perpetrator of the offense.

2. **Constitutional Law—effective assistance of counsel— failure to call certain witnesses—record did not disclose strategy—dismissed without prejudice**

    Defendant's argument in a murder case that her trial counsel was ineffective by failing to call certain witnesses at her trial was dismissed without prejudice to her right to file a motion for appropriate relief in the trial court. The Court of Appeals was limited to the record before it to determine whether trial counsel's decision constituted a trial strategy and the record did not disclose whether that decision was a strategy.

**3. Jury—first-degree murder—jury instructions—jury nullifi-
cation—no error**

Defendant's argument in a first-degree murder case that the
trial court erred by failing to instruct the jury on jury nullification
was dismissed where defendant failed to object to the jury
instructions at trial, failed to argue plain error on appeal, and no
case authority existed for such instruction.

**4. Sentencing—mitigating factors—presumptive range—no
findings of fact required**

The trial court did not err in a first-degree murder case by fail-
ing to consider factors in mitigation of defendant's sentence. As
the trial court sentenced defendant in the presumptive range, the
trial court was not required to make findings of mitigating factors,
even if evidence of mitigating factors was presented at sentencing.

Appeal by defendant from judgment entered 13 July 2011 by
Judge W. David Lee in Union County Superior Court. Heard in the
Court of Appeals 5 June 2012.

*Attorney General Roy Cooper by Assistant Attorney General
LaToya B. Powell for the State.*

*Mary March Exum for defendant-appellant.*

STEELMAN, Judge.

The State presented sufficient evidence to survive a motion to dis-
miss. We dismiss without prejudice defendant's ineffective assistance
of counsel claim. The trial court did not err in sentencing defend-
ant. Appellate counsel exceeded the limits of zealous advocacy for
her client.

## I. Factual and Procedural History

On 6 April 2009, Erica Kelly (defendant) was indicted for first-
degree murder and concealing the birth of a child. On 13 July 2011, a
jury found defendant guilty of second-degree murder and not guilty of
concealing the birth of a child. Defendant was sentenced to an active
term of imprisonment of 157 to 198 months. The underlying facts of
this case will be discussed in detail in Section II of this opinion.

Defendant appeals.

## II. Motion to Dismiss

[1] In her first argument, defendant contends that the trial court erred by denying her motion to dismiss at the close of all the evidence. We disagree.

### A. Standard of Review

Since defendant offered evidence following the denial of his motion to dismiss at the close of the State's evidence, we only review his motion to dismiss made at the close of all the evidence. *State v. Bruce*, 315 N.C. 273, 280, 337 S.E.2d 510, 515 (1985). "[I]n ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each essential element of the crime and whether the defendant is the perpetrator of that crime." *State v. Ford*, 194 N.C. App. 468, 472-73, 669 S.E.2d 832, 836 (2008) (quoting *State v. Everette*, 361 N.C. 646, 651, 652 S.E.2d 241, 244 (2007)). On appellate review, this Court "must view the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference." *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 382-83 (1988) (citing *State v. Williams*, 319 N.C. 73, 79, 352 S.E.2d 428, 432 (1987)). "If there is substantial evidence——whether direct, circumstantial, or both——to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *Locklear*, 322 N.C. at 358, 368 S.E.2d at 383 (citation omitted). Further, "[t]he defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Jones*, 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)).

*State v. Banks*, ____ N.C. App. ____, ____, 706 S.E.2d 807, 812 (2011).

### B. Analysis

"Second-degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation." *State v. Page*, 346 N.C. 689, 698, 488 S.E.2d 225, 231 (1997). Defendant argues that the State failed to produce sufficient evidence that defendant was the perpetrator of the offense.

In 2006, defendant and David White (White) had a son. In May 2008, defendant became pregnant with a child by Thomas Dean Smith (Smith). Defendant hid this pregnancy from family and friends. Defendant did not seek prenatal medical care.

In February 2009, defendant and White moved into the residence of Ellen Jackson (Jackson). The residence was surrounded by woods and was on four acres of land at the end of a 2,000-foot gravel driveway. The residence was barely visible from the nearest paved road, and the closest neighbor was about 2,000 feet away.

On 24 February 2009, Jackson saw something that looked like a baby doll on a burn pile, located about 25 feet from the residence. Upon closer examination, she realized that it was a human baby. The baby was naked. One of her legs and one of her arms had been partially chewed off. Jackson owned two Shih Tzu dogs that were lying on the ground, eyeing the baby. Jackson called 911. Defendant stood on the steps of the residence, put her head down, and said, "I think I'm going to be sick."

When the police arrived, the baby was about eight to ten feet from the burn pile. Also in the burn pile were a metal frame, some couch springs, and a blood-stained towel. The baby was on her right side in the fetal position, with the umbilical cord and placenta attached. The baby appeared partially burned.

On 25 February 2009, Jackson and defendant provided police with DNA samples. Defendant repeatedly denied being the mother of the baby. On 31 March 2009, DNA test results confirmed that defendant was the mother. Forensic testing also confirmed that defendant's blood was on the towel found on the burn pile. Subsequent testing confirmed that Smith was the baby's father.

On 2 April 2009, defendant waived her *Miranda* rights and answered questions at the Union County Sheriff's Office. Defendant initially denied that she had been pregnant. Defendant later admitted that she was pregnant and gave birth to the child in the bathroom of Jackson's residence. Defendant wrapped the baby in one of her shirts and placed the baby on the side of the road in the hopes that someone would find her. Defendant used the towel that was found in the burn pile to clean herself after the birth. At trial, defendant recanted her statement and testified that White took the baby from her and that she never saw the baby again.

On 25 February 2009, Dr. Thomas Owens performed an autopsy on the baby. He concluded that she was born alive because she had air in her lungs and intestines. The animal-inflicted injuries were post-mortem. The lack of carbon dioxide in the baby's lungs indicated that she did not inhale smoke. He concluded that the cause of death was "lack of appropriate newborn care."

Defendant contends that her confession of 2 April 2009 was false. Defendant argues on appeal that the trial court should have ignored her confession to law enforcement and all of the State's evidence, found that her trial testimony was true, and dismissed all of the charges against her. In making this argument, defendant ignores the applicable law that, in ruling on a motion to dismiss at the close of all of the evidence, the trial court and the appellate courts can consider only the portions of defendant's evidence favorable to the State. *State v. Jones*, 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971). Thus, we cannot consider defendant's recantation of her confession at trial.

Further, questions regarding the credibility and weight of the evidence are for the jury to resolve and not for the trial court. *State v. Hyatt*, 355 N.C. 642, 666, 566 S.E.2d 61, 77 (2002). The State presented sufficient evidence through defendant's confession and other evidence that defendant was the perpetrator of the offense. The trial court did not err in denying defendant's motion to dismiss.

This argument is without merit.

### III. Ineffective Assistance of Counsel

[2] In her second argument, defendant contends that her trial counsel was ineffective by failing to call White and Smith as witnesses at her trial. We dismiss this argument without prejudice to the right of defendant to file a motion for appropriate relief in the trial court.

"In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). "Our Supreme Court has instructed that should the reviewing court determine the IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's rights to reassert them during a subsequent MAR proceeding." *Stroud*, 147 N.C. App. at 554, 557 S.E.2d at 547 (internal quotation marks omitted).

In the instant case, we are limited to the record before us to determine whether trial counsel's decision not to call certain witnesses constituted a trial strategy. The record does not disclose whether this decision was a trial strategy. We therefore dismiss these issues without prejudice to the right of defendant to file a motion for appropriate relief.

**[3]** In a detour within her ineffective assistance of counsel argument, defendant contends that the trial court erred by failing to instruct the jury on jury nullification. Defendant did not object to the jury instructions at trial or request an instruction on jury nullification. Defendant does not argue plain error on appeal. If a defendant fails to "specifically and distinctly argue in his brief that the trial court's instructions amounted to plain error, this Court will not conduct plain error review." *State v. Parks*, 147 N.C. App. 485, 490, 556 S.E.2d 20, 24 (2001).

We know of no case authority for the trial court to instruct the jury on jury nullification, which is the jury's "knowing and deliberate rejection of the evidence or refusal to apply the law[.]" Black's Law Dictionary 936 (9th ed. 2009). It is the duty of the trial court to correctly charge the jury on the law. The Pattern Jury Instructions suggest that the trial court instruct the jury that "[i]t is absolutely necessary that you understand and apply the law as I give it to you, and not as you think it is, or as you might like it to be. This is important because justice requires that everyone tried for the same crime be treated in the same way and have the same law applied." N.C.P.I.— Crim. 101.05 (2011). If defendant's argument were to be adopted in our criminal justice system, it would lead to chaos and an absence of justice in North Carolina.

This argument is dismissed.

### IV. Sentencing

In her final argument, defendant contends that the trial court erred in failing to consider factors in mitigation of her sentence. We disagree.

**[4]** The trial court is required to make findings regarding aggravating and mitigating factors if the court, in its discretion, departs from the presumptive range of sentences. N.C. Gen. Stat. § 15A-1340.16(c) (2011). If the trial court sentences a defendant in the presumptive range, the trial court is not required to make findings of mitigating factors, even if evidence of mitigating factors is presented at sentencing. *State v. Hagans*, 177 N.C. App. 17, 31, 628 S.E.2d 776, 785-86 (2006).

Defendant was convicted of a Class B2 felony. *See* N.C. Gen. Stat. § 14-17 (2011). The trial court sentenced defendant to a minimum of 157 months and a maximum of 198 months imprisonment, which is within the presumptive range. *See* N.C. Gen. Stat. § 15A-1340.17(c) (2011). The trial court did not err in sentencing defendant.

This argument is without merit.

## V.  Admonition of Counsel

Counsel should be zealous advocates for their clients. However, this zealous advocacy does have limits. Appellate counsel for defendant has exceeded these limits in the instant case. She vigorously attacked the professionalism and ethics of the prosecutors for failing to believe defendant's recantation of her confession and proceeding with the murder prosecution in this case. Some of the language used by counsel to describe the conduct of the prosecutor was: (1) "failed to investigate the truth[;]" (2) "distorting the truth[;]" (3) "misled and misrepresented facts[;]" (4) "subverted the truth by presenting false evidence in the form of [defendant's] confession[;]" (5) "suppressed the truth by failing to disclose potentially truth-enhancing evidence[;]" and (6) "dominated the fact-finding process all led directly to [defendant's] conviction for a crime she did not commit." Appellate counsel for defendant went on to assert that "[a] prosecutor should be professionally disciplined for proceeding with prosecution if a fair-minded person could not reasonably conclude, on the facts known to the prosecutor, that the accused is guilty beyond a reasonable doubt."

We hold these comments to be unsupported by the record in this case and highly inappropriate and urge counsel to refrain from making such comments in the future.

NO ERROR IN PART; DISMISSED IN PART.

Judges McGEE and ERVIN concur.